D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TORSTEN FALK dba SPRITZZ,

    Plaintiff,

vs.

PACIFIC SUN ENTERTAINMENT, Inc.,

    Defendant.

CASE NO.: 10761 DMG (AGRx)

COMPLAINT:

(1) COPYRIGHT INFRINGEMENT;
(2) BREACH OF CONTRACT;
(3) CONVERSION; and
(4) AN ACCOUNTING

JURY TRIAL DEMANDED

## JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

-1-

Complaint

2. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because it resides in this District and solicits, transacts, and is doing business within the Jurisdiction. As such, Defendant has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over it.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## THE PARTIES

5. Plaintiff is Torsten Falk who does business under the name Spritzz. Falk is a German citizen in the business of producing erotic motion pictures.

6. Defendant Pacific Sun Entertainment, Inc., is a corporation organized under the laws of California, with its principal place of business in Van Nuys, California. Pacific Sun Entertainment is in the business of distributing erotic films.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff owns the copyrights to at least seventeen different full-length erotic motion pictures. Plaintiff released each of these motion pictures first in

Germany and then in various countries around the world including in the United States. Plaintiff has applied for registration of each of these works with the United States Copyright Office and registrations are pending.

8. On December 5, 2010, Plaintiff Torsten Falk entered a distribution Agreement (Agreement) with Pacific Sun Entertainment, whereby Falk authorized Pacific Sun Entertainment to distribute DVDs of Falk's motion pictures in the United States. Under the terms of the Agreement, Pacific Sun was required to provide an accounting at the end of each month detailing the amount received from sales minus certain related expenses. Pacific Sun Entertainment was then required to make payment on each accounting within 120 days.

9. After the Agreement was executed Torsten Falk delivered to Pacific Sun Entertainment an inventory of over 13,000 replicated and ready to sell DVDs. For new DVDs, Pacific Sun would replicate the DVDs, and deduct the expense of replication.

10. Although not in a timely fashion, Pacific Sun Entertainment provided the required accounting for the months of January 2011 to September 2011. However, Pacific Sun did not provide the required accounting for any period after September 2010.

11. Pacific Sun made payment to Torsten Falk on the amounts due from sales generated from January 2011 to March 2011. However, in spite of repeated demands, Pacific Sun Entertainment has not made any further payments.

12. Falk contacted Pacific Sun Entertainment in writing demanding that Pacific Sun cure its breaches of the Distribution Agreement, but Pacific Sun failed to cure the breaches and continues to be in breach of the now terminated Agreement.

13. In light of Pacific Sun Entertainment's failure to cure the substantial breaches of its obligations under the Distribution Agreement, Falk terminated the Distribution Agreement in a December 8, 2011 letter from his counsel.

14. Pacific Sun refused to respond to all correspondence and continues to hold Plaintiff's DVD inventory and offer Plaintiff's copyrighted motion pictures for sale and distribution.

## FIRST CLAIM
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

15. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

16. Plaintiff exclusively holds the copyright to the following works, each of which were originally published in Germany: *Drawn To Fuck (Fickrausch), Berlin Youngsterz, Spritzz Dot Com, Million Dollar Boy, Cock Attack (Schwanzangriff), Liquid Heat, Straight Secrets, Cam Shooterz, Cock Hungry Dudes (Fickfleisch*

*Deluxe)*, *Willing Young Men (Jung & Dauergeil*, *Sextasy*, *Fuck Me Harder*, *First Date Fuck*, *Sperm Factory*, *Fresh Sperm Shooters (Junge Spritzer)*, *Cum Guns Reloaded*, and *Young Cocks – Hard & Juicy*.

17. Plaintiff has applied for registration for each of the above-listed works with the United States Copyright Office and registration is pending.

18. Although Plaintiff previously licensed Pacific Sun Entertainment to distribute its works, Plaintiff properly terminated the licensing agreement, effective December 11, 2011.

19. Defendant Pacific Sun Entertainment continues to offer the above DVDs for distribution and sale.

20. Pacific Sun Entertainment is not authorized to continue to sell, distribute, or exploit in any other way Plaintiff's copyrighted works.

21. Defendant has willfully infringed Plaintiff's copyrights in these works and continues to do so.

## SECOND CLAIM
## BREACH OF CONTRACT

22. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

23. The Parties entered a Distribution Agreement whereby Pacific Sun Entertainment was to distribute and sell Plaintiffs movies to various buyers. Under

Complaint

the terms of the Agreement, Pacific Sun Entertainment was required to provide a monthly accounting showing the number of DVDs sold, associated costs, and the amounts due to Plaintiff. The terms of the Agreement then required Pacific Sun Entertainment to pay any amounts due within 120 days.

24. Plaintiff has performed all of the things required of him under the terms of the Distribution Agreement.

25. Although not in a timely fashion, Pacific Sun Entertainment provided the required accounting for the months of January 2011 to September 2011. However, Pacific Sun did not provide the required accountings for any dates thereafter.

26. Pacific Sun made payment to Torsten Falk on the amounts due from sales generated from January 2011 to March 2011. However, in spite of repeated demands, Pacific Sun Entertainment has not made any further payments.

27. Plaintiff demanded in writing that Pacific Sun cure its breaches to the Agreement, but Pacific Sun failed to do so and continues to fail to do so.

28. Pacific Sun Entertainment's actions constitute a breach of a written contract.

29. Pacific Sun Entertainment's breach of the Agreement has caused and continues to cause Plaintiff harm.

## THIRD CLAIM
## CONVERSION

30. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

31. Plaintiff owns and has a right to possess an inventory of approximately 10,600 individually boxed DVDs of its copyrighted motion pictures.

32. Plaintiff delivered these DVDs to Pacific Sun for the purpose of distributing the DVDs, under a Distribution Agreement. Upon termination of the Distribution Agreement, Plaintiff demanded that Pacific Sun arrange for the return of the DVD inventory. Pacific Sun ignored Plaintiff's demand.

33. For a significant period of time Defendant has intentionally continued to possess the DVD inventory and to prevent Plaintiff from having access to the DVD inventory.

34. Plaintiff did not consent to Defendants' continued possession of the DVD inventory.

35. Plaintiff has been harmed and continues to be harmed by Pacific Sun Entertainment's continued unauthorized possession of the DVD inventory.

36. Defendant's conduct has been and continues to be a substantial factor in causing Plaintiff's harm.

## FOURTH CLAIM
## AN ACCOUNTING

37. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

38. Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to statutory damages or Plaintiff's actual damages and all Defendant's profits attributable to the infringing acts herein described.

39. The amount of compensatory damages due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of the precise number of DVDs sold and the prices at which they were sold.

40. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendant.

## JURY DEMAND

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1) That the Court enter a judgment against Defendant that it has willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

2) That the Court issue injunctive relief against Defendant, and that Defendant, its agents, representatives, servants, employees, attorneys, successors

and assigns, and all others in active concert or participation with them, be enjoined and restrained from reproducing, posting, selling, distributing, or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by, registered to or exclusive licensed to Plaintiff;

3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs, or other materials, which are in Defendant's possession or under its control;

4) That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's illegal activities;

5) That the Court order Defendant to pay Plaintiff's general, special, actual and statutory damages as follows:

  a) Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights;

  b) Plaintiff's damages caused by Plaintiff's breach of the Licensing Agreement in a amount to be determined at trial; and

    c) Plaintiff's damages for the conversion of Plaintiff's DVD inventory in an amount to be determined at trial;

6) That the Court order Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504 and the attorney fee provision of the Distribution Agreement;

7) That the Court order Defendant to pay pre and post judgment interest according to law; and

8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 12/23/11

Respectfully submitted,

*/s/ D. Gill Sperlein*

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| Torsten Falk dba Spritzz | ) | |
| *Plaintiff* | ) ) | Civil Action No. CV11-10761DMG(AGRx) |
| v. | ) | |
| Pacific Sun Entertainment, Inc. | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Pacific Sun Enterntainment, Inc.
c/o Saeed Sardar, Registered Agent for Service of Process
1687 Legend Ct.
San Jose, CA  95131

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DEC 29 2011

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*


AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

```
CV11- 10761 DMG (AGRx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY